# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

United States *for the Use and Benefit of* Macuch Steel Products,

                Plaintiff,

                          Case No. 1:20-cv-1140-MLB

v.

Copper Construction Company, Inc., and Philadelphia Indemnity Insurance Company,

                Defendants.

_____/

## OPINION & ORDER

Plaintiff Macuch Steel Products sued Defendants Copper Construction Company, Inc. ("Copper") and Philadelphia Indemnity Insurance Company ("Philadelphia") for breach of contract, action on payment bond under the Miller Act, and attorneys' fees. (Dkt. 1.) Defendants move to dismiss for insufficient service of process. (Dkt. 19.) The Court denies that motion.

## I. Background

The Atlanta Combined Heat and Power Plant Construction Project ("the Project") is a construction project for the United States Department of Veterans Affairs in Decatur, Georgia. (Dkt. 1 ¶ 5.) Defendant Copper subcontracted with Plaintiff to perform structural and miscellaneous steel fabrication and erection. (*Id.* ¶¶ 6–7.) They agreed that Plaintiff would work on the Project from October 2015 to May 2019. (*Id.* ¶ 14.) Plaintiff alleges that Defendant Copper repeatedly failed to pay Plaintiff for work it performed. (*Id.* ¶ 15.) Defendants also executed a Miller Act payment bond in favor of the United States in the amount of $29,780,954.00. (*Id.* ¶ 8.) On that bond, Defendant Copper is the principal, Defendant Philadelphia is the surety, and the United States is the obligee. (*Id.*)

On March 12, 2020, Plaintiff sued to collect on the bond from Defendants and to recover damages from Defendant Copper for nonpayment. (*Id.* ¶¶ 12–13.) On March 5, 2021—nearly a year after the complaint had been filed—the Court ordered Plaintiff to file proof that service was properly made or explain why Plaintiff had been unable to serve Defendants. (Dkt. 15.) On March 15, 2021, Plaintiff filed an

affidavit of service for each Defendant, showing they had been served on March 9, 2021. (Dkts. 17; 18.) Defendants move to dismiss for insufficient service, arguing they were served well beyond the 90-day deadline. (Dkt. 19 at 5–6.)

## II. Discussion

A plaintiff is responsible for serving a defendant with a summons and the complaint within the time allowed under Federal Rule of Civil Procedure 4(m). Fed. R. Civ. P. 4(c)(1). That Rule gives a plaintiff 90 days to serve any defendants. Fed. R. Civ. P. 4(m). It is undisputed that Plaintiff did not serve Defendants until March 9, 2021—approximately 9 months *after* the 90-day deadline for effectuating service expired. (Dkts. 17; 18.) When a plaintiff fails to properly serve a defendant within the 90-day period,

> the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Good cause exists only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Idumwonyi v. Convergys*, 611 F. App'x 667, 667 (11th

Cir. 2015) (per curiam) (citing *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)). The plaintiff bears the burden of proving valid service or good cause for failure to effect timely service. *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1297 (N.D. Ga. 2009).

Plaintiff "admits that it cannot meet the legal standard to show good cause to excuse service of Defendants outside of the initial 90-day period." (Dkt. 20 at 4.) The Court agrees. The only explanation Plaintiff has provided for the delay in effectuating service is the COVID-19 pandemic and Plaintiff's mistaken belief that the Court's COVID-19 orders delaying jury trials also tolled all deadlines. (*Id.* at 3.) While the Court is sympathetic to the difficulties the COVID-19 pandemic inflicted on the community, Plaintiff's "invocation of the pandemic standing alone is unavailing" because it has not "shown specifically how the pandemic has impeded [its] efforts to serve Defendants." *Johnson v. Bell*, No. 7:20-CV-4, 2020 WL 3578581, at *2 (M.D. Ga. July 1, 2020). Given all of this, the Court concludes Plaintiff has failed to make any showing of good cause for its failure to serve Defendants in a timely manner.

Absent a showing of good cause, a district court has the discretion to extend the time for service of process. *See* Fed. R. Civ. P. 4(m); *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). In the exercise of that discretion, district courts must consider whether any factors would warrant a permissive extension of time. *Lepone-Dempsey*, 476 F.3d at 1282. The Advisory Committee Note to Rule 4(m) gives guidance as to what factors may justify the grant of an extension of time for service of process in the absence of good cause: "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments. "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Lepone-Dempsey*, 476 F.3d at 1282.

First, Plaintiff argues that the Court already exercised its discretion to extend Plaintiff's time to perfect service in its March 5th Order. (Dkt. 20 at 3–4.) That interpretation of the Court's March 5th

Order is inaccurate. Alternatively, Plaintiff requests that the Court retroactively extend the time for service up to and including March 9, 2021—the date Plaintiff served Defendants. (*Id.* at 4.) The Court grants that request. As the parties note, the statute of limitations has expired for one of Plaintiff's claim. (Dkts. 19 at 7; 20 at 5; 21 at 3.) Count II is a breach of the Miller Act (Dkt. 1 at 7), which has a one-year statute of limitations. *See* 40 U.S.C. § 3133(b)(4) ("An action brought under this subsection must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action."). Although the parties dispute *when* the statute of limitations expired, they agree it has expired. (Dkts. 20 at 5; 21 at 3.)[1] The Court also agrees, considering the lawsuit has been pending now for over a year. Dismissing the case at this point would bar Plaintiff from pursuing its Miller Act claim against Defendants. Further, the Court notes that despite Plaintiff's error in perfecting service, Plaintiff acted diligently to effectuate service on Defendants once it was

---

[1] Plaintiff contends the statute of limitations expired after it filed this lawsuit, while Defendants argue it expired before that. (Dkt. 21 at 2 & n.1.) Defendants may raise this argument in a subsequent motion.

notified of the service issue. On March 5, 2021, the Court issued an order directing Plaintiff to file proof of service by March 19, 2021 or risk dismissal of its lawsuit. (Dkt. 15.) Plaintiff took immediate action and served Defendants four days later on March 9, 2021. (Dkts. 17; 18.) And Plaintiff's explanation for not having served Defendants within the requisite time is not totally irrelevant given the difficulties the COVID-19 pandemic has had on nearly all aspects of life. Taking these factors into consideration, the Court extends the time for service. *See, e.g.*, *Bradshaw v. City of Thomasville*, No. 7:18-CV-79, 2018 WL 6171784, at *1–2 (M.D. Ga. Nov. 26, 2018).

## III. Conclusion

The Court **DENIES** Defendants' motion to dismiss (Dkt. 19) and retroactively extends the time for service up to and including March 9, 2021.

**SO ORDERED** this 29th day of June, 2021.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE